**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000443
30-APR-2025
07:53 AM
Dkt. 76 SO**

NOS. CAAP-22-0000443 and CAAP-22-0000759

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HAWAII STATE FEDERAL CREDIT UNION, a federal credit union,
Plaintiff-Appellee, v.
VIP TOWING LLC, a Hawaii limited liability company,
Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DRC-21-0006128)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

In CAAP-22-0000443, Defendant-Appellant **VIP Towing** appeals from the District Court of the First Circuit's August 4, 2022 "Amended Order Denying Defendant's Motion to Set Aside Default Judgment Filed on April 18, 2022" (**Denial Order**).[1] In CAAP-22-0000759, VIP Towing appeals from the district court's December 5, 2022 Post-Judgment Order Granting Attorneys' Fees

---

[1] The Honorable Karin L. Holma presided.

and Costs (**Fees and Costs Order**).[2]  Because these appeals involve the same parties and stem from the same underlying case, this court consolidated these appeals.

In 2020, Ryan D. **Donlon** financed the purchase of a used truck through **Hawaii State** Federal Credit Union.  On March 4, 2021, VIP Towing towed Donlon's truck from a Honolulu Walmart store to VIP Towing's lot.  On April 22, 2021, the City and County of Honolulu issued a Certificate of Title noting Donlon was the truck's registered owner and Hawaii State was the lienholder.

About two months later, in June 2021, VIP Towing sent Hawaii State a notice of the tow and the thirty-day period to claim the truck, citing Hawaiʻi Revised Statutes (**HRS**) § 290-11 (2020):[3]

---

[2]  The Honorable Summer M.M. Kupau-Odo presided.

[3]  HRS § 290-11 provided in pertinent part:

> (a)   Notwithstanding any other provision of this chapter, any vehicle left unattended on private or public property without authorization of the owner or occupant of the property, may be towed away at the expense of the vehicle owner, by order of the owner, occupant, or person in charge of the property; provided that there is posted a notice prohibiting vehicles to park on the property without authorization.
>
> . . . .
>
> (b)   Towing companies engaged by the owner, occupant, or person in charge of the property shall:
>
> . . . .

(continued . . .)

(. . . continued)

    (3)  Determine the name of the legal owner and the last registered owner of the vehicle from the department of transportation or the county department of finance.  <u>The legal owner and the last registered owner shall be notified in writing</u> at the address on record with the department of transportation or with the county department of finance by registered or certified mail of the location of the vehicle, together with a description of the vehicle, <u>within a reasonable period not to exceed fifteen days following the tow</u>.  The notice shall state:

        (A)  The maximum towing charges and fees allowed by law;

        (B)  The telephone number of the consumer information service of the department of commerce and consumer affairs; and

        (C)  That if the vehicle is not recovered within thirty days after the mailing of the notice, the vehicle shall be deemed abandoned and will be sold or disposed of as junk.

        Where the legal owner and the last registered owner have not been notified pursuant to this paragraph, the vehicle may be recovered by the vehicle owner from the towing company without paying tow or storage fees.  The notice need not be sent to a legal owner or last registered owner or any person with an unrecorded interest in the vehicle whose name or address cannot be determined.  Absent evidence to the contrary, a notice shall be deemed received by the legal owner or last registered owner five days after the mailing;

    . . . .

    (g)  Any person who violates any provision of this section shall be deemed to have:

    (1)  Engaged in an unfair or deceptive act or practice in the conduct of any trade or commerce within the meaning of section 480-2 and subject to penalties and remedies under chapter 480; and

    (2)  Furnished services without a license within the meaning of section 487-13 and subject to penalties and remedies under chapter 487.

(Emphases added.)

> This is to inform you that the Department of Finance, Division of licensing, has informed us that you are the legal and/or registered owner of the above described vehicle, which was towed to our lot. If this vehicle is not claimed within **Thirty Days** **(30)** after the date of this notice, the company will conclude your authorization of said vehicle to be sold, or disposed of as provided in section 290-11, [HRS].

On July 9, 2021, Hawaii State filed a complaint in district court asserting violation of HRS § 290-11 (Count 1) and conversion (Count 2). The complaint also sought restitution, damages, and reimbursement of costs and expenses including attorneys' fees.

According to the complaint, Hawaii State contacted VIP Towing and was told the truck "had been 'disposed of.'" VIP Towing later informed Hawaii State the June 2021 notice was sent in error, VIP Towing was not in possession of the truck, and the truck was "released to an unidentified individual."

The filed Return of Service indicates that, after four unsuccessful attempts to serve the complaint and summons on VIP Towing, the process server served VIP Towing's agent, Myhanh **Huynh**, with the documents on August 23, 2021. In the acknowledgment of service section, "Refused to sign" was stamped in lieu of a signature.

The summons informed VIP Towing it was required to file a written answer or appear at 1111 Alakea Street, tenth floor "at 1:30 p.m. on the second Monday following date of service, and should that Monday be a legal holiday then on the

4

next business day."[4]  The summons also provided a Zoom meeting ID number and phone number.  In bold capital letters, the summons warned that failure to attend the hearing or file a written answer would result in a default judgment.

VIP Towing did not file an answer by September 7, 2021 or appear at the September 7, 2021 hearing.

Hawaii State moved for a default judgment.  On October 21, 2021, the district court entered a **Default Judgment** in favor of Hawaii State, awarding it $38,440.14 (including attorneys' fees and costs).

Two months later, Hawaii State filed an "Ex Parte Motion for Examination of Person Having Knowledge of Judgment Debtor(s)[,]" asking the district court to enter an order directing Huynh, as VIP Towing's agent, to appear in district court and be examined under oath.  The district court granted the motion.  The process server attempted to serve the motion three times, but Huynh evaded service and refused to sign. Huynh did not appear at the hearing on the motion and the district court continued the hearing to April 18, 2022.  Huynh did not appear at the April 18, 2022 hearing.  The district

---

[4]  As the second Monday following August 23, 2021 (the date of service) was September 6, 2021, Labor Day, the date for VIP Towing to file a written answer or appear was Tuesday, September 7, 2021.  See HRS § 8-1 (2009) (noting first Monday in September is Labor Day and a state holiday); District Court Rules of Civil Procedure (**DCRCP**) Rule 6(a) (indicating where a deadline falls on a legal holiday, "the period runs until the end of the next day which is not a" legal holiday).

court then issued a bench warrant for Huynh's arrest, with bail set at $50.00.

That same day, which was almost six months after Default Judgment was entered, VIP Towing moved to set aside the default, citing District Court Rules of Civil Procedure (**DCRCP**) Rules 7 and 55.[5]  The motion was supported by the declaration of Frances Freitas, who stated she was VIP Towing's "Corporate Secretary" and that the motion should be granted because VIP Towing was not served and had strong defenses.  The entirety of her declaration stated:

> VIP Towing LLC <u>was never served</u> with the Complaint and Notice(s) of Court Date, and accordingly was not able to appear in Court.  Moreover, VIP Towing LLC never had an opportunity to defend itself in the above-referenced matter.  VIP Towing LLC has <u>strong defenses</u> and is prepared to present its case on the merits.

(Emphases added.)  There were no attachments to the motion.

---

[5]  DCRCP Rule 7(b) provides in relevant part:

> An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

DCRCP Rule 7(b)(1).  And, DCRCP Rule 55(c) provides:

> **Setting aside default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).
>
> When a motion to set aside either an entry of default or a judgment by default is denied, the court in denying the motion may award to the non-defaulting party those reasonable attorney's fees incurred to defend the motion.

Hawaii State opposed the motion to set aside the default and attached a webpage printout entitled "DCCA State of Hawaii" showing Huynh was VIP Towing's agent. Also attached was a declaration from the process server that stated, "Huynh met me at the entrance of the garage, and I confirmed her name[,]" "I attempted to hand her the documents but she refused to hold them[,]" "I placed the documents at Huynh's feet, and informed her of completed service[,]" and "Huynh kicked the documents, and acted very upset."

During the hearing on VIP Towing's motion to set aside the default, VIP Towing's counsel asserted various purported facts but presented no evidence to the district court. The district court denied VIP Towing's motion. The district court later awarded Hawaii State $1,753.40 in attorneys' fees and $355.29 in costs related to the motion to set aside the default.

On appeal, VIP Towing challenges the Denial Order and the Fees and Costs Order.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below.

**(1)** VIP Towing contends the district court abused its discretion in denying the motion to set aside the default as there was no identifiable prejudice to Hawaii State, VIP Towing had meritorious defenses, and VIP Towing was not served with the complaint, summons, or notice of the hearing.[6]

DCRCP Rule 4(d)(3) requires the complaint and summons be served together upon a corporation, partnership, or "other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process[.]"

DCRCP Rule 12(a) requires all defendants to "appear or answer at the time appointed in the summons, on the second Monday following the date of service, except where the district judge sets some other secular day; and should such Monday be a legal holiday then upon the next secular day."  And, following DCRCP Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to

---

[6]  We note that, in the points of error section of its CAAP-22-0000443 opening brief, VIP Towing does not challenge the district court's oral findings.  Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4); see Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) ("Findings of fact . . . not challenged on appeal are binding on the appellate court.").

appear by affidavit or otherwise, the clerk shall enter that party's default."

A district court may enter default judgment after damages are determined.  See DCRCP Rule 55(b)(2).[7]  "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  DCRCP Rule 55(c) (emphasis added).

DCRCP Rule 60(b) explains a district court may provide relief from a final judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

---

[7]  DCRCP Rule 55(b)(2) provides:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor.  If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as it deems necessary and proper.

(Formatting altered.) To prevail on a Rule 60(b) motion, the movant must show "(1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wil[l]ful act." Chen v. Mah, 146 Hawaiʻi 157, 172, 177, 457 P.3d 796, 811, 816 (2020) (emphasis added and citation omitted).

Because the district court entered a default judgment in this case, VIP Towing could have moved for relief from the judgment under DCRCP Rule 60(b). However, VIP Towing moved to set aside the default pursuant to DCRCP Rules 7 and 55, not DCRCP Rule 60(b). And at the hearing on the motion to set aside default, VIP Towing relied on DCRCP Rule 55(c) and asserted there was "good cause" to grant its motion. Thus, VIP Towing's motion to set aside the default failed to raise and address DCRCP Rule 60(b).

To the extent we may construe VIP Towing's claim that it was not served with the complaint and summons as a mistake or excusable neglect under DCRCP Rule 60(b)(1), the record does not support such a claim. See Bank of Hawaii v. Shaw, 83 Hawaiʻi 50, 56, 924 P.2d 544, 550 (App. 1996) (holding that orders denying motions for relief for excusable neglect under DCRCP Rule 60(b)(1) are reviewed for abuse of discretion).

Here, the district court made the following findings during the hearing on VIP Towing's motion to set aside the default: "the complaint was personally served on" Huynh; "Huynh is the agent of record for VIP Towing"; Huynh "threw the papers on the ground"; Huynh "refused to sign the service"; "VIP, through its agent, which is the very purpose of having an agent designated for service, had notice of the date"; and VIP Towing/Huynh did not appear on the answer date. The district court made further findings regarding Huynh's continued failure to appear stating, "We haven't heard anything from . . . Huynh through this whole thing."[8]

Documents in the record, including the "DCCA State of Hawaii" printout, the process server's declaration, the Return of Service, and the summons, support these findings. The only evidence VIP Towing presented the district court to support its motion to set aside the default was Freitas' declaration, which noted VIP Towing "was never served" but did not address service on Huynh. Thus, we cannot say that VIP Towing showed "the default was not the result of inexcusable neglect or wil[l]ful act." See Chen, 146 Hawai'i at 172, 457 P.3d at 811. And VIP

---

[8] Huynh first participated in these proceedings via a declaration attached to VIP Towing's September 9, 2022 motion to stay, which was over three months after the May 23, 2022 hearing on VIP Towing's motion to set aside the default.

Towing did not present any other evidence to the district court to support its claim of "strong defenses."

Based on the foregoing, the district court did not abuse its discretion in denying VIP Towing's motion to set aside default.

**(2)** VIP Towing next contends "the trial court's fee award under HRS § 607-14.7 [(2016)] is an abuse of discretion, because the award exceeds the statutory cap for post-judgment fees to collect the judgment at issue."[9]

HRS § 607-14.7 provides:

In addition to any other attorney's fees, costs, and expenses, which may or are required to be awarded, and notwithstanding any law to the contrary, the court in any civil action may award to a judgment creditor, from a judgment debtor, reasonable attorney's fees, costs, and expenses incurred by the judgment creditor in obtaining or attempting to obtain satisfaction of a money judgment, whether by execution, examination of judgment debtor, garnishment, or otherwise. The court may award attorney's fees that it determines are reasonable, but shall not award fees in excess of the following schedule:

 (1) Twenty-five per cent on the first $1,000 or fraction thereof;

 (2) Twenty per cent on the second $1,000 or fraction thereof;

 (3) Fifteen per cent on the third $1,000 or fraction thereof;

 (4) Ten per cent on the fourth $1,000 or fraction thereof;

 (5) Five per cent on the fifth $1,000 or fraction thereof; and

---

[9] VIP Towing also contends that "[b]ecause the underlying default judgment must be reversed, the subsequent post-judgment attorney fee award under HRS § 607-14.7" must be "reversed." Because the district court did not abuse its discretion in denying the motion to set aside default, we need not address this contention.

> (6)   2.5 per cent on any amount in excess of $5,000.
>
> The fees shall be assessed on the amount of judgment, exclusive of costs and all other attorney's fees.

(Some formatting altered and emphases added.)

Here, the district court awarded Hawaii State $31,168.17 (principal amount of $30,122.63 and $1,045.54 in interest) in the Default Judgment.  Based on the schedule outlined in HRS § 607-14.7, the district court was allowed to award Hawaii State up to $1,404.20 in attorneys' fees.[10]

Because the award of $1,753.40 in attorneys' fees exceeded the limit allowed under HRS § 607-14.7, the district court abused its discretion.

Based on the foregoing, we vacate the district court's Fees and Costs Order to the extent the award of attorneys' fees exceeded the amount allowed under HRS § 607-14.7; we otherwise affirm the Denial Order and Fees and Costs Order.  We remand

---

[10]   Under HRS § 607-14.7, the maximum amount of attorneys' fees are calculated as follows:

$$25\% * \$1,000 = \$250$$
$$20\% * \$1,000 = \$200$$
$$15\% * \$1,000 = \$150$$
$$10\% * \$1,000 = \$100$$
$$5\% * \$1,000 = \$50$$
$$2.5\% * (\$31,168.17 - \$5,000) = \$654.20$$

The total is $1,404.20 ($250 + $200 + $150 + $100 + $50 + $654.20 = $1,404.20).

this case to the district court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawai'i, April 30, 2025.

On the briefs:                          /s/ Keith K. Hiraoka
                                        Presiding Judge
Sheri J. Tanaka,
for Defendant-Appellant.                /s/ Clyde J. Wadsworth
                                        Associate Judge
Jonathan W.Y. Lai,
Thomas H. Yee,                          /s/ Sonja M.P. McCullen
(Watanabe Ing),                         Associate Judge
for Plaintiff-Appellee.

14